UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LEE COCHRANE,

        Petitioner,

                                      CASE NO. 1:09-CV-382

v.

                                      HON. ROBERT J. JONKER

CARMEN D. PALMER,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 35), Warden Palmer's Objections (docket # 36), and Petitioner's Response (docket #37). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Respondent's Objections; and Petitioner's Response. After its review, the Court finds that Magistrate Judge correctly concluded habeas corpus relief is appropriate.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Respondent objects to the Report and Recommendation on three grounds. Nothing in Respondent's Objections changes the fundamental analysis the Magistrate Judge delineates. Respondent objects first that the Magistrate Judge mistakenly found that the trial court denied Mr. Cochrane's request to represent himself because of anticipated inconvenience to the court in having to decide meritless motions. (Obj., docket # 36, at 2.) Respondent argues that Judge Borrello actually denied Mr. Cochrane's request because he was not convinced Mr. Cochrane "would be able to conduct his defense in an acceptable manner," in light of some of the legal arguments Mr. Cochrane attempted to make. (*Id.*) Respondent suggests that the Magistrate Judge overlooked this aspect of Judge Borello's decision, and that this oversight resulted in an erroneous decision. Respondent is mistaken. The Magistrate Judge, citing *Faretta v. California*, 422 U.S. 806 (1975), addressed this very issue in his Report and Recommendation. (Report and Recommendation, docket # 35, at 33.) The Magistrate Judge correctly pointed out that a defendant's lack of expertise in the law, standing alone, is not a valid basis on which to deny the right to self-representation. *Faretta*, 433 U.S. at 834. ("It is undeniable that in most criminal prosecutions defendants could be better defend[ed] with counsel's guidance than by their own unskilled efforts . . . . [A]lthough [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored."). Respondent's first objection fails.

Respondent next objects to the Magistrate Judge's finding that in Petitioner's case, the Michigan Court of Appeals interpreted the state standard in a way that caused that court to apply an

incorrect standard to Mr. Cochrane's constitutional claim. (Obj., docket # 35, at 3-5.) Respondent suggests that the Magistrate Judge's determination necessarily undercuts *Anderson v. Overby*, 398 Mich. 361, 247 N.W. 2d 857 (1976), which construes *Faretta*. The Court disagrees. This objection ignores key factual aspects distinguishing Mr. Cochrane's case, including the undisputed fact that even though Judge Jackson granted Mr. Cochrane's request to represent himself, Mr. Cochrane did not actually get the opportunity to do so, despite repeated requests to the judges to whom the case was transferred after Judge Jackson left the case. The Magistrate Judge correctly points out that Judges Borello, Kacmarek, and Borchard never conducted a colloquy to determine whether Mr. Cochrane's invocation of the right to self-representation was knowing and voluntary, despite Mr. Cochrane's unequivocal requests to represent himself. That was an unreasonable application of clearly established law. *Moore v. Haviland*, 531 F.3d 393, 402-03 (finding it "clearly contrary to *Faretta*" for the trial court not to engage in a *Faretta* colloquy upon defendant's clear and unequivocal requests to proceed pro se.). The Court of Appeals did not address Judge Jackson's order granting Mr. Cochrane's request to represent himself, and did not address the other judges' failure to conduct a *Faretta* colloquy. The Court of Appeals instead relied on Petitioner's disruptive conduct at trial to justify the earlier decisions. But Petitioner's behavior at trial occurred only after he had already been denied the right to self-representation for months, and despite an earlier order granting his request to represent himself. The harm had already occurred by the time of trial. A grant of habeas relief in this particular case, on these particular facts, does not undermine *Anderson* and its progeny.

Respondent's third objection posits that Mr. Cochrane's disruptive conduct at his eventual trial with appointed counsel he did not want effectively waived any constitutional claim he might

3

have regarding his right to represent himself. Respondent provides no legal support for this theory, and the Court finds it unpersuasive. Mr. Cochrane's conduct during a trial process that did not honor his requested – and even at one time granted – request to represent himself is not probative of how he would have behaved if allowed to represent himself as desired.

The Court concludes that the Magistrate Judge properly determined that federal habeas relief is warranted. The Court certainly recognizes the irony in this. There is no doubt in the Court's mind that Defendant's appointed trial counsel was as effective as any advocate could be. Defendant is not likely to do better on his own, and may well do worse for himself. The Court is also firmly convinced that the trial judges involved were earnestly attempting to ensure that Petitioner had able representation, and did not make a choice detrimental to his actual interests. But the right to represent oneself – regardless of whether it is a good idea – is what is at stake here. And for that reason, the Court must grant Petitioner's application on the unique facts of this case.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 35) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **CONDITIONALLY GRANTED** unless the State retries Petitioner within 120 days of the final decision in this case.

                                                 /s/Robert J. Jonker
                                                ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE

Dated: March 29, 2013